Note:—OA. case will be found in 4 Abs. 299.

---

No. 507

GUARDIAN SAVINGS & TRUST CO. v. SCRAP IRON CO.

No. 19765. Supreme Court

On motion to certify. Dock. Apr. 10, 1926.

126. BANKS & BANKING—Where a bank has received a check from the clearing house and stamped it "Paid" by mistake, may it thereafter return it because of insufficient funds in the drawer's account?

The Akron Scrap Iron Company brought this action originally in the Cuyahoga Common Pleas against The Guardian Savings & Trust Company and Grodin and Company, to recover upon a check for $1477.70 drawn by Grodin and Company in favor of the Scrap Iron Co.

It appears that Grodin delivered a check to the Scrap Iron Company on the Savings & Trust Company on Sept. 6, 1923; that the check was deposited in the payee's bank at Akron on the same day and presented for payment at the bank through the Cleveland Clearing House on Sept. 8, 1923; that the check was stamped "Paid" by mistake of a clerk; that two days later the check was marked "Cancelled in Error" and returned and that the entries were reversed. The balance of Grodin & Co's. account was not sufficient to cover the account after payment of two trade acceptances just prior to receipt of the check.

The trial court directed a verdict for the bank and against Grodin & Company who had filed no answer. The Appeals reversed the judgment for error of the trial court in directing a verdict.

The Savings & Trust Co., in the Supreme Court, contends:

1. That stamping a check "Paid" does not constitute an acceptance.

2. That having elected to seek and take judgment against the drawer, the Scrap Iron Co. is held to have adopted the theory that the bank never accepted the check for otherwise such judgment would be contrary to law.

3. That the check was never "Paid".

Attorneys—Squire, Sanders & Dempsey for Trust Co.; Harry J. Fuerst for Scrap Iron Co.; all of Cleveland.

---

No. 508

N. Y. CENT. RD. CO. v. MRKELA

No. 19767. Supreme Court

On motion to certify. Dock. Apr. 13, 1926.

111. ASSUMPTION OF RISK—If an employee of a carrier, controlled by interstate commerce, is injured by an instrumentality which he thoroughly understands does the defense of Assumption of Risk bar him from recovery?

Joe Mrkela brought this action originally in Cuyahoga Common Pleas against The New York Central Railroad Company for damages resulting from personal injuries.

Mrkela for 15 years had been a track laborer. On the day of his injury he was helping replace old ties with new ones. The method used was to draw the spikes from five or six adjoining ties, place a jack under the rail, raise it a sufficient height to permit the worn ties to be dragged out by the use of tongs, insert the new ties, lower the rails, and tamp down the road-bed, and re-spike the rails to the new ties. Just before the accident, the spikes having been pulled from half a dozen ties, the rails were raised by means of a 15-ton jack. This is operated by a lever about six feet long. After the work had been commenced at this point, a passenger car was spotted on the adjoining track, and it was impossible to lower the jack by the use of the lever; and as an engine was approaching the point, it became necessary to take the jack out from under the rails to permit its passage.

The jack may be lowered by striking a certain post. As the train approached the foreman ordered Mrkela to "Knock out the jack". As he did so the rail dropped and caught his foot.

The judgment of the Common Pleas for $7,500 was affirmed by the Appeals without opinion.

The Company, in the Supreme Court, contends:

1. That there was no evidence to show any negligence on its part.

2. That the evidence established a complete defense under the doctrine of assumption of risk as it is applied under the Federal Employers' Liability Act.

Attorneys—West, Lamb & Westenhaver for Co.; Edward Davidson for Mrkela; all of Cleveland.